**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TRISTIAN D. BOLONGIA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. CIV-26-1870-JD** |
| | ) |
| **TARGET CORPORATION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Tristian D. Bolongia filed a complaint and a separate Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), Doc. 4. United States District Judge Jodi W. Dishman referred the Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). After review, the undersigned recommends that the Court deny the Application.

**I.    Discussion**

The filing fee for a civil case in this Court is $405.00.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed

---

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

### A.   Factors for consideration

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). The undersigned has not reviewed the complaint. Doc. 1; *see* Doc. 6 (referring only the Application). But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application). With respect to income, the Court considers the degree to which Plaintiff's monthly income exceeds his monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars").

### B.   Plaintiff's financial information

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on his Application. Plaintiff attests that his take-home pay is $1,292.83 every two

weeks, which equates to approximately $2,801.23 per month.  Doc. 2 at 1.  He reports $544.83 in cash or a bank account.  *Id.*  Plaintiff states he has a Kia Forte, but does not include "its approximate value."  *Id.* at 2.

Plaintiff lists several regular monthly expenses, including three unidentified loans. Additionally, his regular monthly expenses include the following five loans and amounts: student loan $355.71; Apple $3,807.90; Capital One $1,457.13; Chase $565.62; and Amex $743.68.  *Id.*  Those same loans and amounts are also listed as "debts or financial obligations" and "amounts owed."  *Id.*  As such, the undersigned understands the five above-listed loan amounts to be total amounts owed rather than amounts owed on a monthly basis.  Excluding the five listed loans from Plaintiff's monthly expenses, he indicates regular monthly expenses in the approximate amount of $1,835.00.  *Id.*

Accordingly, Plaintiff's monthly income appears to exceed his regular monthly expenses by approximately $966.00.  Additionally, though Plaintiff indicates significant debt, his stated assets in cash or a bank account exceed the amount of the filing fee (and the undersigned notes Plaintiff failed to disclose the amount of one of his assets).  "While this Court does not suggest that the plaintiff is wealthy or has lots of money to spend, he does appear to have discretionary income and/or assets and it appears that [he] has the ability to spend [his] discretionary funds on filing fees if he desires."  *Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665657, at *2 (W.D. Okla. Feb. 23, 2016) (citation modified) (R&R), *adopted*, 2016 WL 7665658 (W.D. Okla. Apr. 4, 2016), *aff'd*, 667 F. App'x 733 (10th Cir. 2016); *see also Brewer*, 24 F. App'x at 979 (affirming denial of IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few

3

hundred dollars"); *Durley v. Oklahoma*, No. CIV-25-34-SLP, 2025 WL 510977, at *2 (W.D. Okla. Jan. 17, 2025) (explaining "the Court may consider Plaintiff's assets in determining his indigency" and collecting cases (citation modified)) (R&R), *adopted*, 2025 WL 510930 (W.D. Okla. Feb. 14, 2025).  The undersigned therefore finds Plaintiff has not shown "a financial inability to pay the required filing fees."  *Lister*, 408 F.3d at 1312.

As such, based on the information provided in the Application, the undersigned recommends the Court deny the Application.

## II.      Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4.  The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than **August 19, 2026**.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE